UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

REGINALD SOMMERVIL,

Plaintiff,

- against -

THE COUNTY OF SUFFOLK and THE CITY OF NEW YORK,

--------------------------------------------------------------------X

Case No.

**COMPLAINT**

Jury Trial Demanded

Plaintiff REGINALD SOMMERVIL, by his attorneys, CAMPANELLI & ASSOCIATES, P.C., as and for his complaint against Defendants, the County of Suffolk and the City of New York, respectfully alleges as follows:

## I. Introduction

1. The Plaintiff has commenced this action to seek redress for the defendants having unreasonably seized and deprived him of property without due process of law, in violation of the Plaintiff's clearly established rights under the 4th, 5th, and 14th Amendments to the United States Constitution.

2. Specifically, on March 9, 2026, the defendant City of New York seized a 2023 BMW belonging to the Plaintiff without a warrant, without any Court order, or any other exception to the warrant requirement imposed by the 4th Amendment.

3. The Plaintiff was not present when his car was seized, and it was not seized incident to any arrest of the Plaintiff or anyone else.

4. After having seized the Plaintiff's car without a warrant, the City then transferred the Plaintiff's car to another jurisdiction (the County of Suffolk) without affording the Plaintiff any notice or any opportunity to object to such transfer.

5. The County of Suffolk then continued to deprive the Plaintiff of his vehicle for a period of months, again, without having afforded the Plaintiff any notice or opportunity to challenge the City or the County's right to deprive him of his vehicle on a continuing basis.

6. The County finally released the Plaintiff's vehicle to him, but only after it had sustained thousands of dollars in physical damage while it had been in the defendants' possession.

7. As a result, the Plaintiff brings this action to seek redress for the County and City having deprived him of his property without due process, in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments, and to challenge the County's and the City's unconstitutional policies, practices, and procedures as more fully described herein below.

8. Plaintiff has commenced this action pursuant to 42 U.S.C. §§1983 and 1988, and 28 U.S.C. §§ 2201(a) and 2202, to redress deprivations, under color of law, of rights, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

## II. <u>Jurisdiction and Venue</u>

9. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983, in that this is a civil rights action arising under the Constitution and laws of the United States.

10. Plaintiff seeks declaratory relief, injunctive relief, and compensatory damages pursuant to 28 U.S.C. §§ 2201(a) and 2202.

11. In addition, Plaintiff seeks reasonable attorneys' fees and expert fees (if any) as part of the costs authorized to the prevailing party in an action pursuant to 42 U.S.C. §1983, predicated upon 42 U.S.C. §1988 and 42 U.S.C. §2000.

12. Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. §1391(a), because a substantial part of the events or omissions giving rise to the claim occurred in Suffolk County, New York.

## III. The Parties

13. Plaintiff Reginald Sommervil ("Plaintiff") is an individual residing in the State of New York, County of Nassau, and owner of the 2023 BMW 540 bearing VIN # WBA73BJ05PCL42498 (the "Vehicle"), which is at the heart of this matter. *See* Exhibit "A."

14. Upon information and belief, the defendant, the City of New York, is a municipal corporation organized and operating under New York State law.

15. Upon information and belief, the defendant, The County of Suffolk, is a municipal corporation organized and operating under New York State law, with a principal place of business situated at 100 Veterans Memorial Highway, Hauppauge, NY 11788.

## IV. Preliminary Facts

16. On March 9, 2026, the New York City Police Department seized the Plaintiff's Vehicle, allegedly as evidence of some unspecified criminal act alleged on the part of some unknown person, other than the Plaintiff.

17. Then, without the Plaintiff's knowledge, authorization, or permission, the City transferred the Vehicle to the County of Suffolk, allegedly for "evidentiary purposes," the nature of which the Defendants refused to disclose to the Plaintiff.

18. For a period of months that followed, the Plaintiff demanded that defendant Suffolk County release his vehicle to him.

19. Instead of honoring such demands, on April 8, 2026, a Detective Fiori called Plaintiff's counsel's office and implied that a search warrant had been applied for (long after the seizure had occurred) and that a warrant would be obtained "this week."

20. Mr. Sommervil, through his counsel, then sent a letter to the Suffolk County Police Department and the Suffolk County District Attorney's Office on two separate occasions, April 14, 2026 and April 27, 2026 demanding: (a) a hearing to contest the County's right to continuing retention of the vehicle, (b) the release of his vehicle, and a (c) copy of any search warrant the County had obtained. *See* Exhibit "B."

21. Thereafter, on May 7, 2026, the Suffolk County Police Department finally released the vehicle to Mr. Sommervil, but only after the vehicle had sustained thousands of dollars in physical damage while it had been in Suffolk County's custody.

22. In the seminal case of Alexander v. Cortes, the United States Court of Appeals for the Second Circuit explicitly ruled that the City of New York's procedure of releasing seized cars to third parties, without affording persons possessing interest in such vehicles with notice and an opportunity to object to the unauthorized release of their vehicle to third parties — violated the Due Process Clause of the Fourteenth Amendment.

23. In addition, under Krimstock and its progeny, each and every person holding an interest in a vehicle seized by a municipality has the right to a prompt post-seizure hearing, in the absence of the seizing municipality having commenced a civil forfeiture action.

24. At such mandatory hearings, vehicle owners are entitled to challenge the municipality's right to maintain continuing possession of the vehicle, pending either: (a) any criminal case wherein the vehicle is needed as evidence, or (b) the municipality's commencement and prosecution of an action seeking civil forfeiture of the vehicle.

25. Despite the fact that Alexander and Krimstock have been clearly established law for more than two decades, the City of New York has never comported with their requirements, and never afforded the Plaintiff with due process, and the City provided no hearing to the Plaintiff before transferring the car to Suffolk County for unspecified "evidentiary" purposes.

26. If and to the extent that either the City or the County desired to withhold continuing possession of the Plaintiff's Vehicle for the purpose of using it as evidence in some undisclosed criminal proceeding, they were still required to afford the Plaintiff due process, in the manner previously dictated to the City by the United States District Court in the Southern District of New York. In *Ezagui v. City of New York*, 726 F.Supp.2d 275 (2010)

27. In *Ezagui*, the Southern District detailed a specific procedure that the City and other municipalities must follow when they wish to hold vehicles as evidence to be used in a criminal case.

28. This Court-ordered procedure consists of: (a) a mandatory notice requirement at seizure and within five business days; (b) the filing of an ex parte application for retention order requiring specific judicial findings; (c) affording the vehicle owner post-deprivation challenge rights with hearings within 30 days; and (d) a prompt post-seizure review by neutral fact-finders to determine retention necessity.

29. If, as the Defendants claimed herein, they wanted to retain continued retention of the Plaintiff's Vehicle for evidentiary purposes, they were required to make an application for a retention order, which could have been made *ex parte*.

30. The application would have to have been “supported by an affirmation from an assistant district attorney familiar with the case.” *See, Ezagui v. City of New York,* 726 F.Supp.2d 275, 281-283 (S.D.N.Y. 2010).

31. Here, the defendants did not respond to Plaintiff's written requests for the release of his vehicle at all, and they did not follow the procedure dictated by the Court in Ezagui, as a result of which they violated the Plaintiff's right to due process.

**Monell Liability**
**Lack of Notice Requirements and Procedures**

32. The constitutional violations described herein have arisen due to the City and County's failure to train and supervise its police officers, District Attorneys, and other agents and employees of the City and County.

33. As has been clearly established since the 14th Amendment was adopted, the critical components of due process are (a) notice and (b) an opportunity to be heard.

34. Upon information and belief, both the City and County have practices, policies, and procedures within which they request other municipalities to make warrantless seizures of motor vehicles for them, and then the seizing municipality transfers the seized vehicle to the other municipality that had requested the warrantless seizure.

35. In making such warrantless seizures of motor vehicles, and transferring possession of same to a third party (the other municipality) without the vehicle owner's knowledge, consent or authorization, neither the City nor the County have any policy, practice or procedure through which they afford the owners of such vehicles with any notice, or opportunity to challenge the seizing municipality's right to transfer their vehicle to another jurisdiction, as a third party.

36. Consistent with same, the constitutional violations described herein were carried out under the actual policies, practices, and procedures of the City and County, as enacted, adopted, and/or carried out by the final decision-makers for the City and County.

37. Moreover, the City and County's continued failure to implement procedures consistent with the federal courts' rulings in Alexander and Krimstock amounts to deliberate indifference to persons possessing interests in motor vehicles seized and retained by the City and the County.

38. Accordingly, the City and County are each a person liable to the Plaintiff under 42 U.S.C. §1983, and the Plaintiff is entitled to obtain relief against the City and the County for compensatory damages, declaratory and injunctive relief, and costs of bringing this action, including attorneys' fees and any expert fees he incurs, pursuant to 42 U.S.C. §1988.

**CLAIM FOR RELIEF**
**COUNT I**
**Procedural Due Process – 42 U.S.C. § 1983**

39. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

40. As described hereinabove, the defendants, the City of New York and County of Suffolk, seized and retained a 2023 BMW bearing Vehicle Identification Number (VIN) WBA73BJ05PCL42498.

41. At all times described herein, Plaintiff held a valid title under which Plaintiff possessed, and possessed clearly established property rights to use, possess, and operate his motor vehicle without unlawful deprivation of his rights to same by the City and County.

42. As described hereinabove, the City and County had deprived Plaintiff of his vehicle, without affording him due process, in violation of his rights under the 5th and 14th Amendments to the United States Constitution.

43. Neither the City nor the County afforded the Plaintiff a prompt post-seizure hearing at which to challenge (a) the City's transfer of possession to the County nor (b) the County's authority to then deprive the Plaintiff of his vehicle on a continuing basis.

44. On **April 14, 2026, and April 27, 2026**, Plaintiff served a written demand upon the defendant, County of Suffolk, for the immediate release of his vehicle. A copy of such written demand is annexed as Exhibit "B."

45. The Plaintiff served that demand upon the defendant by Certified Mail.

46. In response to those demands, the Defendants did not (a) release the Plaintiff's vehicle, (b) apply for a retention Order, as mandated by *Ezagui*, or (c) commence a forfeiture action seeking civil forfeiture of the Plaintiff's Vehicle.

47. The reason that the Defendants never commenced any action seeking forfeiture of the Plaintiff's vehicle, is that their agents affirmatively knew: (a) that the Plaintiff had not been arrested for any criminal offense, (b) the warrantless seizure of his motor vehicle was not incident to any arrest of the Plaintiff, nor anyone else, and (c) the Defendants possessed no factual or legal grounds upon which they could pursue civil forfeiture of the Plaintiff's Vehicle.

48. The City simply seized the Plaintiff's Vehicle without a warrant, transferred it to the County without any authority to do so, and the County then proceeded to deprive the Plaintiff of his Vehicle on a continuing basis, while affording him no due process whatsoever.

49. Under Second Circuit law, both the City and the County were required to afford the Plaintiff a hearing and notice before each of their respective acts to be compliant with the requirements of Due Process.

50. Having failed to afford the Plaintiff with notice, a hearing, and/or any opportunity to challenge (a) the City's right to transfer his vehicle to the County, or (b) the County's right to

deprive the Plaintiff of his vehicle on a continuing basis, the Defendants have deprived the Plaintiff of his property without having afforded him due process, in violation of the Plaintiff's rights under the 14th Amendment to the United States Constitution.

51. By doing so, the Defendants damaged the Plaintiff by depriving him of the use and possession of his motor vehicle and causing the Vehicle to sustain thousands of dollars in physical damage while it was in the Defendants' possession.

52. Accordingly, Plaintiff is entitled to relief pursuant to 42 U.S.C. § 1983, inclusive of compensatory damages, injunctive and declaratory relief, and an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988.

**COUNT II**

**Unreasonable Seizure - 4th Amendment Violation**

53. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

54. At all times described herein, the Plaintiff was afforded the right to be free from unreasonable seizures, as guaranteed to the Plaintiff under the 4th Amendment to the United States Constitution.

55. As described herein, on or about March 9, 2026, the defendant City of New York seized the Plaintiff's vehicle without a warrant or any exception to the warrant requirement, in violation of Plaintiff's rights under the 4th Amendment.

56. If, and to the extent that, the Defendant City had grounds for such initial warrantless seizure, such seizure became unreasonable when the City's need to seize the vehicle ended, and the evidence that the City's need to seize the Vehicle ended is that it transferred the Vehicle to the County.

57. Under the 4th Amendment, once its need to hold the vehicle ended, it was constitutionally required to release the Plaintiff's vehicle back to the Plaintiff, and when it failed to do so, its seizure of the Plaintiff's Vehicle became unreasonable within the meaning of the 4th Amendment.

58. Thereafter, the Defendant County of Suffolk unreasonably seized the Plaintiff's vehicle by taking unauthorized possession of same from the Defendant City, thereby violating the Plaintiff's rights under the 4th Amendment.

59. In violating the Plaintiff's rights against unreasonable seizures under the 4th Amendments, the Defendants caused the Plaintiff to sustain damages by depriving him of the use and possession of his vehicle, and contemporaneously causing the Plaintiff's vehicle to have sustained thousands of dollars in physical damage while it was in the Defendants' possession.

60. Accordingly, Plaintiff is entitled to relief pursuant to 42 U.S.C. § 1983, inclusive of compensatory damages, injunctive and declaratory relief, and an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988.

## COUNT III

### Declaratory Judgment and Permanent Injunction
### 28 U.S.C. 2201(a) and 2202

61. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

62. Despite a United States District Court explicitly ruling against the Defendant City that it cannot release cars to a third party without having afforded persons with interest in such vehicles with both notice and an opportunity to object to such transfer, the City of New York has not enacted, maintained, or carried out any policy, practice, or procedure for doing so.

63. Despite a United States District Court explicitly directing precisely what procedures municipalities must follow if they wish to hold vehicles as evidence, where the owners of such vehicle have demanded their release, neither the Defendant City nor Defendant County have adopted or implemented any of such Court order procedures, as a direct result of which they both violated the Plaintiff's rights to due process, as described herein.

64. The Defendants' ongoing failure to comply with the Court's decisions and orders, and continuing failure to enact, adopt, maintain or carry out any procedures, whatsoever, to comply with same, constitutes an ongoing controversy within the meaning of 28 U.S.C. §2201(a), and this Plaintiff is entitled to seek, and this Court is empowered to grant, both a declaratory ruling and injunctive relief herein pursuant to both 28 U.S.C. §2201(a) and 28 U.S.C. §2202.

65. The Defendant City and County's ongoing refusal and failure to comply with the dictates of the 4th, 5th, and 14th Amendments as described herein have affected Plaintiff and countless others in the past and will undoubtedly continue to affect others in the future.

66. As such, there is an ongoing controversy over which this Court possesses jurisdiction.

67. Accordingly, Plaintiff seeks: (a) a declaratory judgment, adjudging and declaring that the City and County's practices, as described above, are unconstitutional as applied by the City and County, and (b) an Order granting permanent injunctive relief prohibiting the City and County from continuing its constitutionally infirm practices described herein, pursuant to 42 U.S.C. §1983, 28 U.S.C. §2201(a) and 28 U.S.C. §2202.

68. In addition, Plaintiff seeks an award for reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant judgment in favor of Plaintiff and against the City and County as follows:

### COUNT I

### Procedural Due Process – 42 U.S.C. §1983

1. Awarding Plaintiff compensatory damages against the City and County, and a money judgment against the defendants, jointly and severally, in the amount of $100,000, or such other amount as is proven at trial herein;
2. Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b);
3. Awarding Plaintiff any and all expert fees incurred by Plaintiff pursuant to 42 U.S.C. §1988(c); and
4. Such other and further relief as the Court may deem just and proper.

### COUNT II

### Unreasonable Seizure - 4th Amendment Violation

1. Awarding Plaintiff compensatory damages against the City and County, and a money judgment against the defendants, jointly and severally, in the amount of $100,000, or such other amount as is proven at trial herein;
2. Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b);
3. Awarding Plaintiff any and all expert fees incurred by Plaintiff pursuant to 42 U.S.C. §1988(c); and
4. Such other and further relief as the Court may deem just and proper.

**COUNT II**

**(Declaratory Judgment and Permanent Injunction)**

1. Adjudging and declaring that the City and County's practices described above are violative of the Due Process Clause under the 5th and 14th Amendments to the United States Constitution;
2. Permanently enjoining the City and County from continuing to carry out such practices to the extent that they violate due process;
3. Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b);
4. Awarding Plaintiff any and all expert fees incurred by Plaintiff, pursuant to 42 U.S.C. §1988(c); and
5. Such other and further relief as the Court may deem just and proper.

Dated: Merrick, New York
June 23, 2026

Yours etc.,
Campanelli & Associates, P.C.

__/s/_Andrew J. Campanelli________

By: Andrew J. Campanelli
*Attorneys for Plaintiff*
1757 Merrick Avenue, Suite 204
Merrick, New York 11566
(516) 746-1600
ajc@campanellipc.com